NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENATE MORALES, on behalf of herself and all other persons similarly situated,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>PROVIDENCE HEALTH SYSTEM - SOUTHERN CALIFORNIA, Erroneously Sued As Providence Health and Services, Inc.,<br><br>    Defendant-Appellee. | No.    16-55072<br><br>D.C. No.<br>2:15-cv-04516-JAK-PLA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted June 5, 2017
Pasadena, California

Before:  BEA and HURWITZ, Circuit Judges, and MOTZ,[**] District Judge.

After a fall, Renate Morales received twenty physical therapy sessions at a

Providence Health System – Southern California ("Providence") facility.  Medicare

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

made conditional payments for the first twelve sessions, subject to any recovery from an alleged tortfeasor. Instead of billing Medicare for the remaining eight sessions, Providence placed a lien on Morales' tort claim. In this putative class action, Morales claims that Providence's failure to bill Medicare constitutes breach of contract, fraud, negligent misrepresentation, violation of the California Unfair Competition Law and Consumer Legal Remedies Act, and breach of the covenant of good faith and fair dealing. The district court dismissed Morales' first amended complaint without prejudice for failure to exhaust administrative remedies. We affirm.

1. Providence argues that this court does not have jurisdiction over this appeal because the district court dismissal was without prejudice. But, if "a district court terminates an action for a claimant's failure to exhaust administrative remedies, we will treat the matter as final unless the claimant could begin anew or continue the administrative process." *Barboza v. Cal. Ass'n of Prof'l Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011). No administrative remedies remain for Morales. The time to appeal administratively any denial of benefits has run. *See* 42 U.S.C. § 1395ff(b)(1)(A); 42 C.F.R. §§ 405.924(b)(12)(ii), 405.980(b)(1)-(2) (setting a time limit on reopening of an initial determination). The dispute resolution process in 42 U.S.C. § 1395y(b)(2)(B)(vii)(IV), which the district court cited, applies only to conditional Medicare reimbursements, not to the failure of a Medicare provider

2

to submit a payment in the first place. *See id.* § 1395y(b)(2)(B)(i)-(ii). We therefore have jurisdiction over this appeal.

2. The Medicare Act's exhaustion requirement, 42 U.S.C. § 405(h), applies to judicial review of claims "arising under" the Act. *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (quoting *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984)); *see* § 405(h) ("No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); § 405(g) (providing that review may be sought in district court only "after any final decision of the [Secretary] made after a hearing"). A claim arises under the Act "(1) where the 'standing and the substantive basis for the presentation of the claims' is the Medicare Act . . . and (2) where the claims are 'inextricably intertwined' with a claim for Medicare benefits." *Uhm*, 620 F.3d at 1140 (quoting *Heckler*, 466 U.S. at 614-15). Each of Morales' claims is "at bottom . . . complaining about the denial of Medicare benefits" and therefore is subject to the exhaustion requirement. *Id.* at 1142-43.

3. Morales concedes she did not exhaust administrative remedies, but argues that § 405 does not apply because she is "not seeking review of any decision of the Secretary and is not suing the United States, the Secretary, or any officer or employee thereof." But, *Uhm* was also a suit by a Medicare beneficiary against a private entity and the Secretary was not a party. *Id.* at 1145. Morales also argues

3

that she could not be required to exhaust administrative remedies because none existed. But, as the district court noted, "[t]o the extent Plaintiff is claiming that [Defendants are] running afoul of the Medicare Act by collecting reimbursement from her in an amount greater than what is permitted under that Act she is making a claim for benefits." The administrative appeals process under 42 U.S.C. § 1395ff governs benefits determinations. Alternatively, Morales could have submitted the relevant claims directly to Medicare. *See* 42 C.F.R. § 405.904; *see also* 20 C.F.R. § 422.510(b) (prescribing the use of Form SSA-1490 for patients to request payment).

**AFFIRMED.**[1]

---

[1]     We deny both Morales' and Providence's motions for judicial notice. **Dkt. 16, 21.**